IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GWENDOLYN TEAL, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| BRILL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Gwendolyn Teal, by and through her undersigned counsel, and files her Complaint for Damages against Defendant Brill, Inc. ("Defendant"), stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981"), and the Equal Pay Act ("EPA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 42 U.S.C. § 1981.

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2) and 42 U.S.C. § 1981, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is a corporation organized under the laws of the State of Delaware and qualified to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant conducts business at 1912 Montreal Road, Tucker, Georgia, 30084.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Registered Agent Solutions, Inc., 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA, 30076.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff filed her Charge of Discrimination before the U. S. Equal Employment Opportunity Commission ("EEOC") on December 4, 2020, alleging violations under Title VII.

9.

On March 11, 2021, the EEOC issued its Notice of Dismissal and Right to Sue letter (the "RTS").

10.

Plaintiff files this Complaint within 90 days of her receipt of the RTS.

# FACTUAL ALLEGATIONS

11.

Plaintiff began her employment with Defendant on June 1, 2017 as an HR Generalist through Execusource Staffing Agency.

12.

In September of 2019, Plaintiff was made a permanent, full-time employee with Defendant with a salary of $65,000 annually.

13.

On July 6, 2020, Plaintiff was promoted to HR Manager and paid a salary of $80,000.

14.

Plaintiff complained to Marcie Smedlund, her supervisor, that she was being paid substantially less than her predecessor, a Caucasian male who was paid a salary of $140,000.

15.

Plaintiff complained many times to Ms. Smedlund that she was being subjected to discrimination by the Brad Hyden, the Plant Manager, based on her race (African American) and gender (female).

16.

Smedlund told Plaintiff that if Plaintiff took the position, it would not be easy as a black woman.

17.

On or more of Plaintiff's peers told her Hyden did not want a black woman in the human resources department and that he would never listen to Plaintiff because Plaintiff was black. Plaintiff continued to complain to Smedlund.

18.

Plaintiff provided training to Magalli Borja who had been promoted to HR Generalist position, Plaintiff had vacated. Borja assumed some of Plaintiff's duties but did not assume the office on the plant floor as was required of the Human Resources Generalist. Plaintiff remained assigned to the Plant floor.

19.

In June 2020, Hyden began relieving Plaintiff of other responsibilities. Plaintiff also complained via text message to Smedlund, in August 2020, that Hyden was excluding Plaintiff from meeting emails.

20.

Plaintiff was told by a black female coworker that Hyden was trying to turn Smedlund against her. Plaintiff again complained to Smedlund and COO Mike

Delaney, a Caucasian male, about Hyden's discriminatory treatment.

21.

Smedlund then began to ignore Plaintiff and excluded Plaintiff from important calls. Hyden also spoke with Jerry Prince, at another warehouse, and instructed him to bypass Plaintiff and correspond with Smedlund only regarding human-resources related issues.

22.

Hyden then removed Plaintiff from meetings ostensibly because of social distancing protocols.

23.

Caucasian employees were not removed from the meetings.

24.

A black maintenance manager resigned due to Hyden's racial discrimination and told Smedlund that Hyden wanted the Plant to be Caucasian.

25.

On September 1, 2020, Defendant terminated Plaintiff's employment.

26.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to Plaintiff engaging in protected activity under Title VII

and the EPA.

## CLAIMS FOR RELIEF

### COUNT I:
### EQUAL PAY ACT VIOLATION

27.

Plaintiff re-alleges paragraphs 1-26, as if set forth fully herein.

28.

Plaintiff is a female and, therefore, a member of a protected class.

29.

At all times relevant, Defendant has been an employer subject to the EPA.

30.

Plaintiff performed work requiring equal skill, effort, and responsibility under similar working conditions as male Human Resource Managers.

31.

Plaintiff was paid less than other Human Resource Managers who were male.

32.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected sex class. Any alleged non-discriminatory reason given by

Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

33.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages.

34.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were reckless and undertaken in bad faith.

35.

Plaintiff is entitled to liquidated damages on her EPA claim.

## COUNT II:
## RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

36.

Plaintiff re-alleges paragraphs 1-26, as if set forth fully herein.

37.

Plaintiff is a female and a member of a protected class.

38.

Plaintiff's complaints and opposition to disparate pay based on sex constitute protected activity under the EPA.

39.

Defendant subjected Plaintiff to adverse action (termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

40.

There was a causal connection between the protected conduct and the adverse action of termination. Defendant violated the EPA in its termination of Plaintiff.

41.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

43.

Plaintiff is entitled to liquidated damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III:
## RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII AND SECTION 1981

44.

Plaintiff re-alleges paragraphs 1-26, as if set forth fully herein.

45.

Plaintiff is an African American, and, therefore, a member of a protected class.

46.

Title VII and Section 1981 prohibit Defendant from discriminating against Plaintiff on the basis of race.

47.

Defendant violated Plaintiff's rights under Title VII and Section 1981 by terminating her employment on the basis of her race.

48.

Defendant intentionally discriminated against Plaintiff on the basis of her race.

49.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected class, including her Caucasian predecessor who was paid substantially more. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

50.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

51.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

52.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

53.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT IV:
## RETALIATION IN VIOLATION OF TITLE VII (RACE) AND SECTION 1981

54.

Plaintiff re-alleges paragraphs 1-26, as if set forth fully herein.

55.

Plaintiff is an African-American female and a member of a protected class.

56.

Plaintiff's complaints and opposition to race discrimination, constitute protected activity.

57.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

58.

There was a causal connection between the protected conduct and the adverse action of termination. Defendant violated Title VII and Section 1981 in its termination of Plaintiff.

59.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

60.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

61.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT V: SEX DISCRIMINATION IN VIOLATION OF TITLE VII

62.

Plaintiff re-alleges paragraphs 1-26, as if set forth fully herein.

63.

Plaintiff is a female and, therefore, member of a protected class.

64.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of sex.

65.

Defendant violated Plaintiff's rights under Title VII by discriminating against her and terminating her employment on the basis of her sex.

66.

Defendant intentionally discriminated against Plaintiff on the basis of her sex in violation of Title VII.

67.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected class, including her male predecessor who was paid substantially more. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

68.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

69.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

70.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

71.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT VI: RETALIATION IN VIOLATION OF TITLE VII (SEX)

72.

Plaintiff re-alleges paragraphs 1-26, as if set forth fully herein.

73.

Plaintiff is a female and, therefore, a member of a protected class.

74.

Plaintiff's complaints and opposition to sex discrimination constitute protected activity.

75.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct.  The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

76.

There was a causal connection between the protected conduct and the adverse action of termination. Defendant violated Title VII in its termination of Plaintiff.

77.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

78.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

79.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct on Plaintiff's claims;

(b) Punitive damages on Plaintiff's Title VII and Section 1981 claims based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon on all claims;

(d) Liquidated damages on Plaintiff's EPA claims;

(e) Reasonable attorneys' fees and expenses of litigation on all claims;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law on all claims;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights on all claims;

(i) Injunctive relief of reinstatement, or front pay in lieu thereof on all claims, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

Respectfully submitted, this 8th day of June, 2021.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
*Attorney for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
iesmith@justiceatwork.com